UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICARDO MESA BEDOYA, | ) |
| Movant, | ) |
| v. | ) No. 1:21-cv-00004-JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter comes before the Court on a petition for writ of habeas corpus filed by movant Ricardo Mesa Bedoya[1] that has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). For the reasons discussed below, the Court will order movant to show cause as to why the motion should not be summarily dismissed.

## **Background**

On March 31, 2006, movant pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). *United States v. Colon*, No. 1:05-cr-00118 (E.D. Mo.). On June 16, 2006, he was sentenced by the Court to 108 months' imprisonment and four years' supervised release. Movant subsequently filed a notice of appeal.

On July 7, 2006, the United States filed a motion to dismiss the appeal, as movant had waived his appeal rights pursuant to the plea agreement. The United States Court of Appeals for the Eighth Circuit dismissed movant's appeal on August 3, 2006. *United States v. Bedoya*, No. 06-2715 (8th Cir. 2006). Movant did not file a petition for writ of certiorari.

---

[1] Also known as Esteban C. Colon.

Movant filed the instant motion on October 27, 2020, by placing it in his prison's mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (stating that a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline).

## The Motion

Movant is a self-represented litigant. At the time the motion was filed, he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Now, however, it appears that he has been released and is no longer incarcerated.

Movant has filed a document with the Court titled "Petition for Writ of Habeas Corpus," which the Court has construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is handwritten and not on a Court-provided § 2255 form. Attached to the motion is a portion of a probable cause statement, as well as a printout providing the text of the Fifth, Sixth, Seventh, and Eighth Amendments.

In the motion, movant seeks "emergency release" for violations of the Fourth, Fifth, Sixth, and Eighth Amendments. (Docket No. 1 at 1). Movant appears to argue that his "primary" violation was a traffic violation, and that his "case should have ended" there. (Docket No. 1 at 5). He states that even though he consented to a search, the seizure of drugs from his vehicle was "outside the scope of the traffic violation[,] which was primary," and that the United States cannot use his consent to pursue charges, since "probable cause ended." (Docket No. 1 at 6). Furthermore, movant asserts that he is not a citizen of the United States, did not know the laws, and would not have consented to a search "if he knew the drugs found would place him in a secondary charge." Movant also suggests that because he is not a citizen, "the laws cannot be used against him." (Docket No. 1 at 7).

## Discussion

Movant has filed a document that has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the motion appears untimely. Moreover, it is unclear whether movant is still in custody. As such, movant will be directed to show cause as to why this motion should not be denied and dismissed.

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

If a movant has filed a direct appeal, his judgment becomes final ninety days after the United States Court of Appeals for the Eighth Circuit issues its ruling, when the time for filing a petition for writ of certiorari to the Supreme Court has passed. *See Clay v. United States*, 537 U.S.

522, 525 (2003) (holding that "[f]or the purpose of starting the clock on § 2255's one-year limitation period…a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); and *United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (explaining that movant's conviction became final "ninety days after this court issued its ruling on his direct appeal").

As noted above, movant filed a direct appeal in this case, which was dismissed on August 3, 2006. His judgment became final ninety days later, on November 1, 2006, when his window for filing a petition for writ of certiorari closed. Movant then had one year from that date in which to file a timely 28 U.S.C. § 2255 motion. That one-year period expired on November 1, 2007. Movant did not file the instant motion until October 27, 2020, nearly thirteen years after the statute of limitations ran out. Therefore, it appears that the motion is untimely.

B. "In Custody" Requirement

A person seeking relief under 28 U.S.C. § 2255 is required to be "[a] prisoner in custody…claiming the right to be released." 28 U.S.C. § 2255(a). *See also Dyab v. United States*, 855 F.3d 919, 922 (8th Cir. 2017) (explaining that 28 U.S.C. § "2255(a) allows 'a prisoner in custody…*claiming the right to be released*' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence'"); and *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (explaining that 28 U.S.C. § 2255 "affords relief only to prisoners claiming a right to be released from custody").

With regard to the "in custody" requirement of 28 U.S.C. § 2255, it is not clear whether movant is still incarcerated, whether he has left prison to begin serving a term of supervised release, or whether he is no longer "in custody" whatsoever. When he filed this motion, he indicated that he was being held at FCI Jesup. Since then, however, he has provided a new address that does not

4

correspond to a penal institution. Moreover, according to the Federal Bureau of Prisons' online inmate locator, movant was released on December 31, 2020. As such, the Court is uncertain if movant is "in custody" for purposes of this motion.

### C. Order to Show Cause

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a court must dismiss a motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, it plainly appears that movant's motion is untimely. Specifically, movant's one-year limitations period under 28 U.S.C. § 2255(f)(1) expired on November 1, 2007. However, movant did not file the instant motion until October 27, 2020, just under thirteen years later.

Nonetheless, before dismissing a case for untimeliness, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be dismissed as time-barred. If movant seeks to argue that equitable tolling should apply, he must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing.

Movant's show cause response should also indicate whether he is still in custody. That is, movant should advise the Court whether or not he is still in prison, and if he is out of prison, whether or not he is on supervised release.

Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this motion without further notice and without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within **thirty (30) days** of the date of this order as to why his 28 U.S.C. § 2255 motion should not be dismissed as time-barred and for failure to demonstrate that he is in custody.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order within **thirty (30) days**, movant's 28 U.S.C. § 2255 motion will be dismissed without further proceedings and without further notice.

Dated this 7th day of June, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE