**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RICARDO MESA BEDOYA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00004-JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On June 7, 2021, the Court ordered movant Ricardo Mesa Bedoya[1] to show cause as to why his 28 U.S.C. § 2255 motion should not be dismissed as time-barred. Movant was given thirty days in which to file a response. More than thirty days have elapsed, and movant has not submitted anything to the Court. Therefore, for the reasons discussed below, the Court will deny and dismiss movant's § 2255 motion. *See* 28 U.S.C. § 2255(f).

**Background**

On March 31, 2006, movant pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). *United States v. Colon*, No. 1:05-cr-00118 (E.D. Mo.). On June 16, 2006, he was sentenced by the Court to 108 months' imprisonment and four years' supervised release. Movant subsequently filed a notice of appeal.

On July 7, 2006, the Government filed a motion to dismiss the appeal, as movant had waived his appeal rights pursuant to the plea agreement. The United States Court of Appeals for

---

[1] Also known as Esteban C. Colon.

the Eighth Circuit dismissed movant's appeal on August 3, 2006. *United States v. Bedoya*, No. 06-2715 (8th Cir. 2006). Movant did not file a petition for writ of certiorari.

Movant filed the instant motion on October 27, 2020, by placing it in his prison's mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (stating that a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline). The motion was handwritten and not on a Court-provided form. It was titled "Petition for Writ of Habeas Corpus," which the Court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Attached to the motion was part of a probable cause statement, as well as a printout providing the text of the Fifth, Sixth, Seventh, and Eighth Amendments.

In the motion, movant sought "emergency release" for violations of the Fourth, Fifth, Sixth, and Eighth Amendments. (Docket No. 1 at 1). Movant appeared to argue that his "primary" violation was a traffic violation, and that his "case should have ended" there. (Docket No. 1 at 5). He stated that even though he consented to a search, the seizure of drugs from his vehicle was "outside the scope of the traffic violation[,] which was primary," and that the Government cannot use his consent to pursue charges, since "probable cause ended." (Docket No. 1 at 6). Furthermore, movant asserted that he was not a citizen of the United States, did not know the laws, and would not have consented to a search "if he knew the drugs found would place him in a secondary charge." Movant also suggested that because he was not a citizen, "the laws cannot be used against him." (Docket No. 1 at 7).

On June 7, 2021, the Court directed movant to show cause as to why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as time-barred. (Docket No. 5). In doing so, the Court noted that movant's motion appeared untimely under 28

U.S.C. § 2255(f)(1), as the one-year limitations period ended on November 1, 2007, but movant did not file his motion until October 27, 2020. Movant was directed to submit a written response within thirty days. That period expired on July 7, 2021, without movant having complied.

**Discussion**

Movant is a self-represented litigant who was previously incarcerated at the Federal Correctional Institution in Jesup, Georgia. Now, however, it appears that he has been released and is no longer incarcerated. On October 27, 2020, movant filed a petition for writ of habeas corpus that was construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Following an initial review, the Court determined that the motion appeared untimely. Pursuant to *Day v. McDonough*, 547 U.S. 198, 210 (2006), the Court provided movant with notice and an opportunity to present his position regarding the timeliness of his action. Movant was given thirty days in which to show cause as to why his motion should not be dismissed as time-barred. He has not filed a written response, nor sought an extension of time in which to comply. Therefore, for the reasons discussed below, the Court will deny and dismiss movant's § 2255 motion.

**A. Statute of Limitations**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8ᵗʰ Cir. 2019).

If a movant has filed a direct appeal, his judgment becomes final ninety days after the Court of Appeals issues its ruling, when the time for filing a petition for writ of certiorari to the Supreme Court has passed. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "[f]or the purpose of starting the clock on § 2255's one-year limitation period…a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); and *United States v. Hernandez*, 436 F.3d 851, 856 (8ᵗʰ Cir. 2006) (explaining that movant's conviction became final "ninety days after this court issued its ruling on his direct appeal").

In this case, as previously noted, movant filed a direct appeal with the United States Court of Appeals for the Eighth Circuit. That appeal was dismissed on August 3, 2006. Movant's judgment became final ninety days later, on November 1, 2006, when his window for filing a petition for writ of certiorari closed. Movant then had one year from that date in which to file a timely 28 U.S.C. § 2255 motion. That one-year period expired on November 1, 2007. Movant did not file the instant motion until October 27, 2020, nearly thirteen years after the statute of limitations ran out. Therefore, movant's motion is time-barred.

## B.  Equitable Tolling

The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). The doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The movant must also demonstrate that he acted with due diligence in pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Equitable tolling is applicable when "the government's conduct lulled the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). However, "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id*. Equitable tolling is also not warranted by a pro se litigant's lack of legal knowledge or resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); and *United States v. Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (8th Cir. 2003) (applying *Kreutzer* to a § 2255 motion). *See also United States v. Mendez*, 860 F.3d  1147, 1151

(8th Cir. 2017) (stating that "a pro se litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling").

The Court has reviewed movant's motion and has found nothing to indicate that equitable tolling is warranted in this case. In its show cause order, the Court specifically advised movant that if he wanted to argue equitable tolling, he must establish that he had been pursuing his rights diligently, and that some extraordinary circumstance prevented timely filing. Movant, however, has not filed a response with the Court, nor sought additional time to respond. Based on what has been filed, the Court has determined that the doctrine of equitable tolling is inapplicable to movant's § 2255 motion.

### C.  Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant has filed this motion beyond the one-year statute of limitations period in 28 U.S.C. § 2255(f). Specifically, the one-year period for movant to timely file his motion ended on November 1, 2007. Movant did not file the instant motion until October 27, 2020, almost thirteen years later. The Court gave movant the opportunity to state his position on this issue, but he failed to respond to the show cause order. Furthermore, the Court has determined that nothing in the motion indicates that movant is entitled to equitable tolling. Therefore, the motion must be denied and dismissed as time-barred.

### D.  Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right.

6

*See Tiedeman v. Benson*, 122 F.3d 518, 522 (8ᵗʰ Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8ᵗʰ Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 22nd day of July, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE